# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DONALD MONTGOMERY, | : | |
| Plaintiff, | : | |
| | | Case No. 3:11cv00256 |
| vs. | : | |
| | | District Judge Walter Herbert Rice |
| CAROLYN W. COLVIN, | : | Chief Magistrate Judge Sharon L. Ovington |
| Commissioner of the Social | | |
| Security Administration, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

**I.**

This case is before the Court upon a Motion For Allowance Of Attorney Fees filed by Plaintiff's counsel (Doc. #18), the Commissioner's Response (Doc. #20), a Reply by Plaintiff's counsel (Doc. #21), and the record as a whole.

Before this case began, Plaintiff and his counsel entered into a written contingency-fee agreement. The agreement documented Plaintiff's agreement to pay attorney fees in the amount of 25% of any lump sum award for past-due Social Security benefits payable to him. The agreement also documented counsel's willingness to work on a contingency-fee basis. This resulted in counsel's acceptance of the risk he would recover zero attorney fees in the event

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Plaintiff received no past-due benefits. *See* Doc. #18, *PageID*#s 662-63.

As this case proceeded, Plaintiff established that a remand for further administrative proceedings was warranted. On remand, the Social Security Administration determined that he had been under a benefits-qualifying disability starting on April 9, 2007 and awarded him past-due benefits and monthly benefits. (Doc. #16, *PageID#* 658).

Relying on 42 U.S.C. §406(B), Plaintiff's counsel presently seeks an $8,375.00 award of attorney fees from the funds withheld from Plaintiff's past-due benefits. The Commissioner points out that the the attorney-fee award Plaintiff's counsel seeks, if granted, would result in an award based on a hypothetical hourly rate of $500.00 ($8,375.00 ÷ 16.75 hours = $500.00). The Commissioner cites cases in which Judges of this Court reached differing conclusions about the amount of attorney fees that constitute a windfall. (Doc. #20, *PageID*#s 681-82). These differing conclusions lead the Commissioner to ask this court to "determine an appropriate fee for counsel's services." *Id*. at 682.

## II.

Section 406(b) authorizes this Court to award attorney's fees when a plaintiff brings a successful challenge to the Social Security Administration's denial of his or her application for benefits. *See Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 856 (6th Cir. 1997). The award may not exceed 25% of the past-due benefits that the plaintiff received as a result of the successful challenge. *See id*.; *see also* 42 U.S.C. § 406(b)(1). To succeed under §406(b), the plaintiff's counsel must show, and the court must affirmatively find, that the contingency fee

sought – even one within the 25% cap – is reasonable for the services rendered.  *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002); *see Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014).  Section 406(b) "does not displace contingent-fee agreements" but instead "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  *Gisbrecht,* 535 U.S. at 807.

To determine whether an award under §406(b) is reasonable, a floor/ceiling approach guides the way.  The ceiling: Section 406(b)'s 25% cap, which "accords a rebuttable presumption of reasonableness to contingency agreements that comply with §406(b)'s 25%-cap."  *Lasley*, 771 F.3d at 309.  The floor: "[the] hypothetical rate that is twice the standard rate for such work in the relevant market."  *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1991).  "'[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable ...'"  *Lasley*, 771 F.3d at 309 (quoting *Hayes*, 923 F.2d at 421).

Within the range set by this floor and this ceiling, "a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable.'"  *Lasley*, 771 F.2d at 309 (quoting *Hayes,* 923 F.2d at 421).  Courts may consider arguments attacking the rebuttable presumption of reasonableness that attaches to awards above the double-the-standard-rate floor and below the 25% statutory ceiling.  *Id*. at 309.

"Reasonableness" remains the heart of the matter.  And, care must be taken to consider the presumption a rebuttable – not a strict – presumption of reasonableness.  *Lasley*, 771 F.2d at 309 (noting, "*Gisbrecht* ... elides strict presumptions altogether.").  Reducing a sought-after

award is warranted to avoid windfalls especially "'[i]f the benefits are large in comparison to the amount of time counsel spent on the case ....'" *Id*. at 310 (quoting *Gisbrecht*, 535 U.S. at 808).

The award Plaintiff's counsel requests – $8,375.00 – is reasonable and not a windfall. The amount of attorney fees Plaintiff counsel's seeks is far less than 25% ($23,201.23) of Plaintiff's total past-due benefits ($92,804.92) awarded by the Social Security Administration. It is also less than the remaining balance – $11,476.23 – after the Administration paid counsel's law firm for its work at the administrative level.[2]

The Commissioner correctly calculates that Plaintiff's counsel proposes a hypothetical hourly rate of approximately $500.00 ($8,375.00 ÷ 16.75 hours = $500 per hour). Viewing this, as the product of the applicable multiplier of 2, *see Hayes*, 923 F.2d at 422, translates to an hourly rate of $250.00. This is less than the $270.00 x 2 = $540.00 hypothetical hourly rates used and permitted in well-reasoned decision in *Pencil v. Astrue*, No. 3:10-cv-394, 2012 WL 4364273, at *2 (S.D. Ohio Sept. 24, 2012). As a result, the hypothetical $500.00 hourly rate does not constitute a windfall to Plaintiff's counsel in this case. *Accord Wright v. Astrue*, No. 3:09-cv-115, 2012 U.S. Dist. LEXIS 93489, at *6–7, 2012 WL 2700393, at *2–3 (S.D. Ohio July 6, 2012) (Merz, M.J.), adopted by 2012 U.S. Dist. LEXIS 103014 at *1, 2012 WL 3023258 at *1 (S.D. Ohio July 24, 2012) (Rice, D.J.) (approving a hypothetical hourly rate of

---

[2] The Social Security Administration approved an award of $11,725.00 to Plaintiff's counsel's law firm. Withdrawing this amount from the 25% of Plaintiff's past-due benefits left a balance of $11,476.23. (The arithmetic: $23,201.23 - $11,725.00 = $11,476.23).

$539.57).

Additionally, the $250 hypothetically hourly rate is only a bit above the median $223 hourly rate used by attorneys working in Dayton, Ohio in or near 2012.  *See* The Economics of Law Practice in Ohio in 2013, Ohio State Bar Association.  It is also the same $250 hourly rate used by the 75th percentile of attorneys practicing in Dayton before, during, and after 2012.  *See id.*; *see also Pencil*, 2012 WL 4364273 at *2. And, the skill and extensive experience of Plaintiff's counsel in litigating social security cases—and in litigating this case—is commensurate with an hourly rate near the 75th percentile of attorneys in Dayton.  *See Pencil*, 2012 WL 4364273 at *2.

Accordingly, the hypothetical hourly rate requested by Plaintiff's counsel is reasonable and will not result in a windfall.

### IT IS THEREFORE RECOMMENDED THAT:

1. The Motion For Allowance Of Attorney Fees filed by Plaintiff's counsel (Doc. #18) be GRANTED, and the Commissioner be directed to pay Plaintiff's attorney fees pursuant to 42 U.S.C. §406(b) in the total amount of $8,375.00;

2. Plaintiff's counsel be ordered to refund directly to Plaintiff the amount, $2,093.75, previously awarded under the Equal Access to Justice Act; and

3. The case remain terminated on the docket of this Court.

June 21, 2016

                                              s/Sharon L. Ovington
                                                Sharon L. Ovington
                                        Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)©, (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *see also United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).